NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
Assistant United States Attorney
Public Corruption and Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6077
    Facsimile:  (213) 894-7631
    E-mail:    ruth.pinkel@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>              v.<br><br>BABAK BROUMAND,<br><br>           Defendant. | No. 20 MJ 1777<br><br><u>PRELIMINARY HEARING BRIEF</u><br><br>Date: May 18, 2020<br>Time: 12 noon<br>Court: Hon. Alicia G. Rosenberg,<br>Courtroom 341, Roybal Federal<br>Building |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Ruth C. Pinkel, hereby submits this brief to assist the Court in conducting the anticipated preliminary hearing in this matter.  The brief provides an overview of the case law governing preliminary hearings, including findings required under the Coronavirus Aid, Relief, and Economic

//

1   Security Act ("CARES Act") § 15000(b), the probable cause standard,

2   elements of the crime, evidentiary matters, and disclosures.

3

4   Dated: May 14, 2020              Respectfully submitted,

5                                    NICOLA T. HANNA
                                     United States Attorney

6
                                     BRANDON D. FOX
7                                    Assistant United States Attorney
                                     Chief, Criminal Division

8

9   _____/s/_____
                                     RUTH C. PINKEL
10                                   Assistant United States Attorney

11                                   Attorneys for Plaintiff
                                     UNITED STATES OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On April 21, 2020, defendant BABAK BROUMAND ("defendant") was charged by criminal complaint with 18 U.S.C. § 371 (Conspiracy to Commit Bribery of Public Official).  While working as an FBI Special Agent on National Security investigations, defendant monetized his access to sensitive law enforcement information for his own personal gain.  Defendant conspired with an attorney (CW1) connected to Armenian organized crime, who richly rewarded defendant with cash, cashier's checks, a Ducati motorcycle, and hotel stays in exchange for defendant querying sensitive law enforcement databases and sharing the results with CW1, in order to help CW1 and his associates avoid prosecution and law enforcement monitoring.  Defendant was arrested on April 24, 2020, in the Northern District of California and made his initial appearance in that district on April 27, 2020.  Defendant was released on bond one week later pending his posting of a $400,000 bond secured by his home.  As of the date of this filing, no bond posting appears on the docket in either district.

On May 18, 2020, the Court will hold a preliminary hearing to determine if the charge is supported by probable cause.  This will be defendant's first appearance in this district.  Defendant and his counsel intend to appear via Video Teleconference ("VTC"), and if necessary, by telephone.  Whether defendant appears by VTC or telephone, pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") § 15000(b), defendant must consent to proceed with the hearing in this manner, with his counsel joining in that consent.  If defendant appears telephonically, the CARES Act § 15002(b), requires defendant to agree, and the Court must find,

that video-conferencing is not reasonably available for use, and thus
the hearing will proceed by telephonic conference, with defendant and
his counsel's consent and agreement.

## II.   THE PURPOSE OF A PRELIMINARY HEARING IS TO DETERMINE WHETHER THERE IS PROBABLE CAUSE

At a preliminary hearing, the court's sole task is to determine
whether there is "probable cause to believe an offense has been
committed and the defendant committed it." Fed. R. Crim. P. 5.1(e).
In other words, "the purpose of a preliminary hearing . . . is to
require the government to show probable cause to hold a suspect
pending trial." Hooker v. Klein, 573 F.2d 1360, 1367 n.7 (9th Cir.
1978). Courts routinely apply this same probable cause standard when
reviewing complaints and search warrants. Probable cause requires
"knowledge or reasonably trustworthy information sufficient to lead a
person of reasonable caution to believe that an offense has been or
is being committed by the person being arrested." United States v.
Lopez, 482 F.3d 1067, 1072 (9th Cir. 2007); see also Coleman v.
Burnett, 477 F.2d 1187, 1202 (D.C. Cir. 1973) ("Probable cause
signifies evidence sufficient to cause a person of ordinary prudence
and caution to conscientiously entertain a reasonable belief of the
accused's guilt."); United States v. Bishop, 264 F.3d 919, 924 (9th
Cir. 2001) ("Probable cause exists when there is a fair probability
or substantial chance of criminal activity."). "[C]onclusive
evidence of guilt is of course not necessary . . . to establish
probable cause," Lopez, 482 F.3d at 1072, which means "[f]inely tuned
standards such as proof beyond a reasonable doubt or by a
preponderance of the evidence . . . have no place in the probable-
cause decision. . . . All we have required is the kind of 'fair

2

probability' on which 'reasonable and prudent people, not legal technicians, act.'"  <u>Florida v. Harris</u>, 133 S. Ct. 1050, 1055 (2013) (citations omitted).

In evaluating probable cause, courts consider the totality of the circumstances.  <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983). Under this standard, courts must consider "the whole picture," rather than viewing individual facts "in isolation."  <u>District of Columbia v. Wesby</u>, 138 S. Ct. 577, 588 (2018).  Accordingly, "[i]t is not uncommon for seemingly innocent conduct to provide the basis for probable cause."  <u>United States v. Rodriguez</u>, 869 F.2d 479, 483 (9th Cir. 1989); <u>see also</u> <u>United States v. Gil</u>, 58 F.3d 1414, 1418 (9th Cir. 1995) ("[O]bservations of conduct consistent with drug trafficking, even though apparently innocuous, can give rise to probable cause.").  A magistrate judge presiding over a preliminary hearing can "legitimately find probable cause while personally entertaining some reservations."  <u>Coleman</u>, 477 F.2d at 1202.

Inquiries about potential affirmative defenses are not relevant to the probable cause determination.  <u>Broam v. Bogan</u>, 320 F.3d 1023, 1023 (9th Cir. 2003) (once probable cause established, an officer need not investigate further to look for evidence that may exculpate accused "whether the claim is based on mistaken identity or a defense such as lack of requisite intent" (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 145-56 (1979))).  Nor does the probable cause inquiry permit courts to question the thoroughness of an investigation that might have provided more than the minimal "fair probability" threshold -- even where further investigation may uncover "potentially dispositive" evidence.  <u>United States v. Goude</u>, 440 F.3d 1065, 1073 & n.5 (9th Cir. 2005) (en banc) ("the benchmark is not

3

what the FBI 'could have' done" (citing <u>United States v. Miller</u>, 753 F.2d 1475, 1481 (9th Cir. 1985) (probable cause exists even though officers failed to take "simple steps" which could have independently verified facts))).  Once probable cause is established, there is simply no requirement that officers "continue to investigate or seek further corroboration."  <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1227 (9th Cir. 2009).

### III. ELEMENTS OF CRIME

The elements of conspiracy to commit bribery of a public official in violation of 18 U.S.C. § 371 (conspiracy) are the following: (1) first, there was an agreement between two or more persons to commit an offense against the United States, that is: an agreement to directly or indirectly, corruptly demand, seek, receive, accept, or agree to receive and accept something of value by a public official, in return for that public official being induced to do an act or omit to do an act in violation of his official duty; (2) second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and 3) third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.  Ninth Cir. Model Instruction 8.20 (Conspiracy modified to incorporate bribery of public official under 18 U.S.C. §§ 201(b)(1)(C),(b)(2)(C)).

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes.  The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.  Ninth Cir. Model Instruction 8.20.

For a conspiracy to have existed, it is not necessary that the

conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. [A jury] must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all [jurors] agreeing as to the particular crime which the conspirators agreed to commit. Id.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists. Id.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts. Id.

## IV. EVIDENTIARY MATTERS

### A. The Federal Rules of Evidence do not apply.

The Federal Rules of Evidence "do not apply to . . . a preliminary examination in a criminal case." Fed. R. Evid. 1101(d)(3). The only exception is that the rules on privilege still

1    apply.  Fed. R. Evid. 1101(c).  As described below, the evidence that

2    may be presented at preliminary hearings differs in important

3    respects from the typical rules of evidence.

4         B.   Hearsay is admissible.

5         Because the normal rules of evidence do not apply, hearsay is

6    admissible at preliminary hearings.  See, e.g., Santos v. Thomas, 830

7    F.3d 987, 991 (9th Cir. 2016) ("In probable cause hearings under

8    American law, the evidence taken need not meet the standards for

9    admissibility at trial.  Indeed, at a preliminary hearing in federal

10   court a finding of probable cause may be based upon hearsay in whole

11   or in part.") (internal quotation marks omitted); Peterson v.

12   California, 604 F.3d 1166, 1171 n.4 (9th Cir. 2010) (the Fourth

13   Amendment permits a determination of probable cause at a preliminary

14   hearing based on hearsay testimony).  This concept has deep roots.

15   Rule 5.1, the rule governing preliminary hearings, previously

16   contained an explicit statement that "[t]he finding of probable cause

17   may be based upon hearsay evidence in whole or in part."  The

18   Advisory Committee omitted that language in the 2002 amendments,

19   deeming it unnecessary because federal law had become clear that it

20   is appropriate to rely on hearsay at the preliminary hearing and the

21   Federal Rules of Evidence explicitly state that they do not apply at

22   this stage.  Fed. R. Crim. P. 5.1 Advisory Committee Notes on 2002

23   Amendments; Fed. R. Evid. 1101.  Presentation of hearsay at a

24   preliminary hearing also poses no Confrontation Clause problem,

25   because the Confrontation Clause is a trial right.  Peterson, 604

26   F.3d at 1169-70.

27        C.   Suppression arguments are premature.

28        At a preliminary hearing, the defendant "may not object to

evidence on the ground that it was unlawfully acquired." Fed. R.
Crim. P. 5.1(e).  Thus, a defendant may not raise arguments that
evidence should be suppressed.  See, e.g., Giordenello v. United
States, 357 U.S. 480, 484 (1958); United States v. Olender, No.
00-CR-80141-DT, 2000 WL 977295, at *3 (E.D. Mich. May 26, 2000).

     D.   Cross-examination is limited.

     Because the only purpose of the preliminary hearing is to
determine probable cause, the scope of cross-examination of
government witnesses is limited.  "Cross-examination at a preliminary
hearing, like the hearing itself, is confined by the principle that a
probe into probable cause is the end and aim of the proceeding[.]"
Coleman, 477 F.2d at 1201.  Defense counsel may not use cross-
examination to go "on an impermissible quest for discovery."  Id.
For example, the Fifth Circuit upheld a magistrate judge's decision
to prevent cross-examination about the identity of an informant.
United States v. Hart, 526 F.2d 344, 344 (5th Cir. 1976).  Indeed,
informant identity is generally privileged, Roviaro v. United States,
353 U.S. 53, 59 (1957), and any such disclosure would be particularly
inappropriate at this preliminary stage.  McCray v. Illinois, 386
U.S. 300, 311 (1967) (upholding state's refusal to compel police
officers to divulge informant's identity at preliminary hearing,
noting, "we have repeatedly made clear that federal officers need not
disclose an informer's identity in applying for an arrest or search
warrant").

     Likewise, cross-examination questions directed to potential
suppression arguments would be outside the scope of the preliminary
hearing.  In addition to the special limitations for preliminary
hearings, "cross-examination is properly to be limited at preliminary

7

1  hearing, as at trial, to the scope of the witness'[s] direct

2  examination." <u>Coleman</u>, 477 F.2d at 1201.

3      E.   <u>Defense subpoenas are limited.</u>

4      The defendant is entitled to subpoena witnesses "whose testimony

5  promises appreciable assistance on the issue of probable cause,"

6  unless there is "good cause for not requiring [the witness's]

7  presence." <u>Id.</u> at 1205.  Good cause for not requiring a witness's

8  presence may include "physiological or psychological reasons" that

9  make appearance unreasonable. <u>United States v. King</u>, 482 F.2d 768,

10 773 (D.C. Cir. 1973).  Subpoenas must comply with Rule 17, including

11 the requirement that the defense obtain a court order for any

12 subpoena requiring production of personal or confidential information

13 about a victim and that the court give the victim an opportunity to

14 move to quash the subpoena.  Fed. R. Crim. P. 17.  Subpoenas may not

15 seek privileged information.  <u>See</u> Fed. R. Evid. 1101(c), (d) (stating

16 that rules on privilege apply to preliminary examinations in criminal

17 cases).  Subpoenas are not "a means of discovery for criminal cases,"

18 and, as always, they must be limited to relevant, admissible, and

19 specific information.  <u>United States v. Nixon</u>, 418 U.S. 683, 698-99

20 (1974); <u>see also</u> <u>United States v. Komisaruk</u>, 885 F.2d 490, 494-95

21 (9th Cir. 1989) (courts may quash subpoenas if the information sought

22 would be immaterial, unreasonable, oppressive, or irrelevant).

23 **V.   DISCLOSURES REQUIRED INCIDENT TO PRELIMINARY HEARINGS**

24     Disclosure is a natural, but collateral, effect of any

25 preliminary hearing.  A preliminary hearing "does not include

26 discovery for the sake of discovery." <u>Coleman</u>, 477 F.2d at 1199-200;

27 <u>see also</u> <u>Robbins v. United States</u>, 476 F.2d 26, 32 (10th Cir. 1973)

28 ("[A] preliminary hearing is not designed for the purpose of

affording discovery for an accused."); <u>United States v. Begaye</u>, 236

F.R.D. 448, 454 (D. Ariz. 2006) ("[T]he rules of discovery found in

Rule 16, Federal Rules of Criminal Procedure, are not applicable to

preliminary hearings.").  Rather, Rule 5.1 directs the parties to

make certain limited disclosures.  Specifically, the parties are

required to produce the statements of the witnesses whom they call to

testify at the preliminary hearing.  Fed. R. Crim. P. 5.1(h), 26.2.

      Statements must be produced only if they "relate[] to the

subject matter of the witness's testimony" and also fall into one of

the following categories:

            (1) a written statement that the witness makes
            and signs, or otherwise adopts or approves;

            (2) a substantially verbatim, contemporaneously
            recorded recital of the witness's oral statement
            that is contained in any recording or any
            transcription of a recording; or

            (3) the witness's statement to a grand jury,
            however taken or recorded, or a transcription of
            such a statement.

Fed. R. Crim. P. 26.2(f).  As to the first category, a report or

notes on a witness interview cannot be adopted by the witness unless

the witness read them or heard them read back.  <u>Goldberg v. United</u>

<u>States</u>, 425 U.S. 94, 110 n.19 (1976); <u>United States v. Traylor</u>, 656

F.2d 1326, 1336 (9th Cir. 1981).  As to the second category, records

only qualify if they "reflect the witness'[s] own words" and

constitute a "complete recital."  <u>United States v. Bobadilla-Lopez</u>,

954 F.2d 519, 522 (9th Cir. 1992).  Thus, Rule 26.2 generally does

not require disclosure of interview reports unless the report author

is a testifying witness and testifies about the interview.  <u>See</u>

<u>United States v. Moore</u>, 651 F.3d 30, 75 (D.C. Cir. 2011).  If

material does qualify as witness statements, it must be turned over

"[a]fter a witness . . . has testified on direct examination."  Fed. R. Crim. P. 26.2(a); see <u>United States v. Mills</u>, 641 F.2d 785, 789-90 (9th Cir. 1981) (holding that "no statement of a government witness is discoverable until the witness has testified on direct examination").

## VI.  CONCLUSION

The foregoing provides an overview of legal issues relating to preliminary hearings.  Should any issue arise that has not been covered in this brief, the government respectfully requests leave to submit such further memoranda as may be necessary.