STEVEN F. GRUEL, ESQ.
California Bar No. 213148
315 Montgomery Street, 10th Floor
San Francisco, CA 94104
Telephone: 415-989-1253
Facsimile: 415-449-3622
Email: attystevengruel@sbcglobal.net

Attorney for Petitioner **Babak Broumand**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br>v.<br><br><br>BABAK BROUMAND,<br><br>       Defendant. | Case No. MJ 20-1777<br><br>**DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY** |

## INTRODUCTION

On May 26, 2020, the Government filed a request to extend by 30 days the time in which an indictment may be returned. It bases its request on the impact of the Covid-19 pandemic and the general orders promulgated by the Chief Judge suspending grand jury proceedings until, at least, June 1, 2020. The defense opposes this request. As detailed below, the Government brought this problem on itself and must accept the consequences; it should not be able to take further advantage of the situation by simply invoking the pandemic.

DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY
*United States v. Broumand*;
Case No. MJ 20-1777

# **ARGUMENT**

I.   <u>18 U.S.C. § 3161(h)(1)(E) does not allow for the exclusion of time between the arrest of Mr. Broumand and his first appearance in this district.</u>

The Government first asserts that, pursuant to 18 U.S.C. § 3161(h)(1)(E), the entire period of time between the arrest of Broumand, on April 24, 2020, and his first appearance in this Court, on May 18, 2020, must be excluded. This is false. The cited provision allows for the exclusion of a period of "delay resulting from any proceeding relating to the transfer of a case or the removal of any defendant from another district under the Federal Rules of Criminal Procedure." 18 U.S.C. § 3161(h)(1)(E).

Mr. Broumand lives in the Northern District and was arrested there on Friday, April 24, 2020. He remained in custody over the weekend and appeared on the out of district warrant on Monday, April 27, 2020. The government moved for a detention hearing, which was then scheduled for April 30, 2020. At the conclusion of the hearing, the Honorable Magistrate Judge Nathanael Cousins ordered the government to release Mr. Broumand, but the government requested that the court stay the order until May 1, 2020 at noon to determine whether the government would appeal the order. At approximately 11:00 a.m., just an hour before the stay expired, the government notified Magistrate Cousins' clerk that it would not appeal the order. Mr. Broumand was released and the parties stipulated to a May 18, 2020 date for the preliminary hearing and initial appearance in the Central District of California. The stipulations did not include a provision indicating that any time would be excluded. See Dkt. 9, 12.

Because he was released from custody, there was no issue related to the transfer of the case or the removal of the defendant. The case was originally brought in the Central District; Broumand's appearances in the Northern District were due only to the fact that he was arrested near his home. Upon his release, the date was set by way of stipulation for the preliminary hearing in the

DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY
*United States v. Broumand*;
Case No. MJ 20-1777

2

Central District. Because he was already out of custody, there were no issues related to removal or transfer and, therefore, this statutory basis for exclusion is inapplicable.

    II.    <u>The government's own actions caused the delay and, therefore, cannot form the basis for the requested exclusion</u>.

The government has been investigating Mr. Broumand since late 2018. A grand jury has been involved in the case since at least April of 2019, when subpoenas for records were issued to the company owned by Mr. Broumand and his wife. The government offers no explanation for why it waited as long as it did to arrest Mr. Broumand, or for why it could not have waited until grand jury activity resumed to arrest him.

As the government tacitly acknowledges, when it sought the warrant for Mr. Broumand's arrest, it was aware that grand jury proceedings had already been suspended until June 1, 2020 because the Chief Judge issued the relevant order on April 13, 2020. Therefore, the government had full knowledge that it would be unable to complete the grand jury proceedings within 30 days of the arrest.

There was no apparent reason for the government to effectuate the arrest of Broumand under these circumstances. There is no evidence to support a finding that he posed either a threat to the community or a risk of flight such that a later arrest would have jeopardized the case in any way. The government voluntarily brought this situation on itself by proceeding with the arrest with full knowledge that no grand jury would be able to return an indictment before the expiration of the 30-day deadline. For that reason, this is tantamount to an invited error for which Mr. Broumand, not the government, should receive the benefit of the doubt because it is his right to have an indictment returned within 30 days that is being infringed upon.

The government relies upon a litany of cases, but on close inspection all are inapposite. For instance, in *United States v. Correa*, 182 F.Supp.2d 326 (S.D.N.Y. 2001), the court addressed the

DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY
*United States v. Broumand*;
Case No. MJ 20-1777

3

issue of retrospective exclusions of time and found that, though ordinarily impermissible, it was allowable under the circumstances of that case because the request was "essentially 'contemporaneous'" and the situation in which "The administration of justice in this District ground to a temporary halt as a result of acts of warfare against the United States that created a public emergency" necessitated doing so. Consequently, the court excluded 20 days of time.

In *Furlow v. United States*, 644 F.2d 764, the Ninth Circuit approved the district court's exclusion of time following the eruption of Mt. St. Helens. In doing so, the court "considered the cause of the delay, the length of the delay, the judgment of the trial court as expressed in its order, Furlow's assertion of his rights and what prejudice resulted." *Id*. at 769. In that case, the defendant's trial, scheduled for May 20, 1980, was delayed by the eruption that occurred on May 18, 1980. *Id*. at 767. The trial commenced on June 17 of that year, and, ultimately, only 15 days were excluded as a result of the eruption. *Id*. at 769. The court recognized such "relatively brief delays do not rise to the level of presumptive prejudice."

Although it is asking to exclude time until June 1, 2020, the government in this case has not suggested that an indictment would necessarily be forthcoming at that time. Nor does anyone know whether the Chief Judge's order suspending grand jury proceedings will be extended for a longer period of time. Mr. Broumand is not facing a short delay. This is an ongoing, seemingly indefinite delay that could have been avoided had the government not elected to arrest Mr. Broumand with knowledge that it could not obtain an indictment.

DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY
*United States v. Broumand*;
Case No. MJ 20-1777

4

## CONCLUSION

For the foregoing reasons, this Court should reject the government's request to extend the time within which to return an indictment.

Respectfully submitted,

Dated: May 27, 2020           By:/s/ Steven Gruel_____
                                  STEVEN F. GRUEL, ESQ.
                                  Attorney for **BABAK BROUMAND**

DEFENDANT BROUMAND'S OPPOSITION AND OBJECTION TO GOVERNMENT'S MOTION TO EXTEND AND/OR EXCLUDE TIME BASED ON SUSPENSION OF THE GRAND JURY
*United States v. Broumand*;
Case No. MJ 20-1777

5