1 | NICOLA T. HANNA
United States Attorney
2 | BRANDON D. FOX
Assistant United States Attorney
3 | Chief, Criminal Division
RUTH C. PINKEL (Cal. Bar No. 164470)
4 | Assistant United States Attorney
Public Corruption and Civil Rights Section
5 |      1500 United States Courthouse
      312 North Spring Street
6 |      Los Angeles, California 90012
      Telephone:  (213) 894-6077
7 |      Facsimile:  (213) 894-7631
      E-mail:     ruth.pinkel@usdoj.gov
8 |
9 | Attorneys for Plaintiff
UNITED STATES OF AMERICA
10 |
11 |               UNITED STATES DISTRICT COURT
12 |          FOR THE CENTRAL DISTRICT OF CALIFORNIA
13 | UNITED STATES OF AMERICA,          No. MJ 20-1777
14 |          Plaintiff,          [~~PROPOSED~~] ORDER EXTENDING AND/OR
                                  EXCLUDING TIME FROM THE SPEEDY
15 |          v.                  TRIAL ACT BASED ON SUSPENSION OF
                                  THE GRAND JURY AS TO DEFENDANT
16 | BABAK BROUMAND,               BABAK BROUMAND
17 |          Defendant.
18 |
19 |      Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(b), an
20 | information or indictment charging an individual with the commission
21 | of an offense shall be filed within 30 days from the date on which
22 | such individual was arrested, but "[i]f an individual has been
23 | charged with a felony in a district in which no grand jury has been
24 | in session during such thirty-day period, the period of time for
25 | filing of the indictment shall be extended an additional thirty
26 | days."
27 |      This provision should apply to grand juries that remain *theretofore*
28 | available but are not sitting.  The Supreme Court has referred to a

1

1   grand jury being "not in session" to refer to the grand jury's

2   "schedule," not its empanelment.  Jaben v. United States, 381 U.S.

3   214, 219 (1964); United States v. Towill, 548 F.2d 1363, 1367 (9th

4   Cir. 1977) ("A close reading of Jaben convinces us that the Court

5   meant to equate 'session' with the current 'grand jury schedule,'

6   not with the theoretical possibility of summoning a grand jury on

7   short notice."). "In session," under Federal Rule of Criminal

8   Procedure 6(d)(1), similarly refers to a particular meeting of the

9   grand jury; thus the Rule describes the "persons who may be present

10  while the grand jury is in session[.]"  Id.

11       In addition to this automatic extension of time, the Act

12  excludes "[a]ny period of delay resulting from a continuance granted

13  by any judge . . . if the judge granted the continuance on the basis

14  of his finding that the ends of justice served by taking such action

15  outweigh the best interest in the public and the defendant in a

16  speedy trial."  18 U.S.C. § 3161(h)(7)(A).

17  ~~Given the COVID-19 pandemic and subsequent actions taken by the~~

18  ~~Federal and State governments and the Court to address the pandemic,~~

19  The United States of America filed an Opposed Motion to Extend

20  and/or Exclude Time from the Speedy Trial Act's Indictment and Trial

21  Clocks Based on Suspension of the Grand Jury as to Defendant BABAK

22  BROUMAND ("motion") on May 26, 2020 Having considered the motion and the Opposition, filed May 22, 2020

23  Central District of California's General Orders Nos. 20-02, 20-03,

24  and 20-05 and Orders of the Chief Judge Nos. 20-042 and 20-043, and

25  good cause appearing, the Court hereby finds as follows:

26

27

28

2

1.    This case was initiated via a complaint and arrest warrant, issued on April 21, 2020, by Magistrate Judge Gail J. Standish.  Defendant was arrested on April 24, 2020, in the Northern District of California, made his initial appearance in that district on April 27, 2020, and was detained.  Defendant was released on bond on May 1, 2020, pending his posting of a $400,000 secured bond.  Following transfer of the case or removal of the defendant from the Northern District of California under the Federal Rules of Criminal Procedure, defendant BABAK BROUMAND first appeared before a judicial officer of this Court on May 18, 2020, at which time the defendant was continued on bond, with some modification.

2.    The Speedy Trial Act would typically require defendant to be indicted by May 24, 2020.  18 U.S.C. § 3161(b).

3.    The time period from April 24, 2020, to May 18, 2020, is time relating to the transfer of the case or removal of the defendant from the Northern District of California under the Federal Rules of Criminal Procedure.  See 18 U.S.C. § 3161(h)(1)(E).

4.    On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, the Central District of California suspended all grand-jury proceedings until May 4, 2020.  C.D. Cal. Order of the Chief Judge No. 20-044, at 3 (Mar. 31, 2020).  That suspension was subsequently extended through at least June 1, 2020.  C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings at 3 ¶ 7 (Apr. 15, 2020).

5.    The last grand-jury session in the Central District of California, prior to this order, was on March 25, 2020.

3

6.     On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020.  C.D. Cal. General Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020).   The same day, the Court imposed health- and travel-related limitations on access to Court facilities.  C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020).  On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions.  C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020).  On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: authorizing video-teleconference and telephonic hearings and--as noted above--suspending all grand-jury proceedings until May 4, 2020.  C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar, 31, 2020).  The Court has since extended these orders through June 1, 2020.  See General Order No. 20-05.

7.     These orders were imposed based on both (1) the California governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease.  See General Order No. 20-02, at 1.

4

1    8.   On March 16, 2020, Los Angeles Mayor Eric Garcetti imposed

2    temporary restrictions to stop large numbers of people from

3    gathering and staying in close proximity, including closing many

4    businesses and restaurants within the city of Los Angeles.  The

5    mayor encouraged people to "keep[] a safe distance from one

6    another," to "slow the spread of COVID-19."  The same day, all

7    schools in the Los Angeles Unified School District closed.

8    9.   The Judicial Council of the Ninth Circuit has since

9    declared an emergency in the Central District of California,

10   pursuant to 18 U.S.C. § 3174.  Order, In re Approval of the Judicial

11   Emergency Declared in the Central District of California (9th Cir.

12   Judicial Council Apr. 9, 2020), available at

13   https://cdn.ca9.uscourts.gov/datastore/opinions/2020/04/10/JC%20Orde

14   r%20and%20Report%20re%20Judicial%20Emergency%20in%20CA-C.pdf.   In

15   the supporting report, the Judicial Council recognized that "under

16   the emergency declarations of national, state, and local

17   governments, as well as recommendations from the Centers for Disease

18   Control and Prevention to convene groups of no more than 10 people,

19   the Court is unable to obtain an adequate spectrum of . . . grand

20   jurors."  Id. (Report at 1).

21   10.   ~~For the reasons stated in the government's motion,~~ The

22   Speedy Trial Act's speedy-indictment clock is extended from 30 to 60

*R.B.H.*   *under*

23   days ~~since no grand jury in the Central District of California sat~~

24   ~~before May 24, 2020, the date 30 days after arrest.~~  18 U.S.C.

25   § 3161(b).

26   11.   Given the grave public-health concerns discussed in the

27   Central District of California's General Orders and Orders of the

*C.B.V.*        *And the facts set forth therein,*

28   Chief Judge, ~~as well as the facts set forth in the government's~~

5

1   ~~motion (which the Court incorporates fully by reference here)~~, the

2   ends of justice served by a continuance outweigh the best interest

3   of the public and defendant in a speedy indictment and trial.  Thus,

4   the period from April 24, 2020, the date of defendant's arrest, to

5   June 1, 2020, shall be excluded from the Speedy Trial Act for all

6   purposes.  18 U.S.C. § 3161(h)(7)(A).

7        12.   Failure to grant the continuance of the Speedy Trial Act

8   deadlines would likely make a continuation of the proceeding

9   impossible or result in a miscarriage of justice.  18 U.S.C.

10  § 3161(h)(7)(B)(i).

11       13.   Specifically, delay in the filing of the indictment is

12  caused because the arrest occurred at a time such that it is

13  unreasonable to expect return and filing of the indictment within

14  the period specified in 18 U.S.C. § 3161(b).  18 U.S.C.

15  § 3161(h)(7)(B)(iii).

16       14.   Due to the restrictions imposed by current public-health

17  concerns, it is also unreasonable to expect adequate preparation for

18  pretrial proceedings or for the trial itself within the Speedy Trial

19  Act time limits.  Thus, denial of a continuance is likely to deny

20  all counsel reasonable time necessary for effective preparation,

21  taking into account the exercise of due diligence.  18 U.S.C.

22  § 3161(h)(7)(B)(iv).

23       15.   Failure to continue this case would also likely put

24  parties, witnesses, jurors, counsel, and court personnel at

25  unnecessary risk.

26       16.   The continuance is not based on congestion of the Court's

27  calendar, lack of diligent preparation on the part of the attorney

28

1   for the government or the defense, or failure on the part of the

2   attorney for the government to obtain available witnesses.

3       Accordingly, the Court finds that there is good cause for a

4   finding of excludable time pursuant to the Speedy Trial Act, 18

5   U.S.C. § 3161.

6       THEREFORE, FOR GOOD CAUSE SHOWN:

7       1.   The Speedy Trial Act's speedy-indictment deadline will be

8   extended from 30 to 60 days from the defendant's arrest ~~since no~~ *under*

9   ~~grand jury in the Central District of California has sat before May~~

10  ~~24, 20~~20.   18 U.S.C. § 3161(b).

11      2.   The time period from April 24, 2020 to May 18, 2020, a

12  delay resulting from proceedings relating to the transfer of the

13  case or removal of the defendant from the Northern District of

14  California under the Federal Rules of Criminal Procedure, shall be

15  excluded in computing the time in which the indictment must be

16  returned or the trial must commence under the Speedy Trial Act.   See

17  18 U.S.C. § 3161(h)(1)(E).

18      3.   The period from April 24, 2020, to June 1, 2020, shall be

19  excluded in computing the time in which the indictment must be

20  returned or the trial must commence under the Speedy Trial Act.   See

21  18 U.S.C. § 3161(h)(7)(A).

22      4.   Nothing in this Order shall preclude a finding that other

23  provisions of the Speedy Trial Act dictate that additional time

24  periods are excluded.   Moreover, the same provisions and/or other

25  provisions of the Speedy Trial Act may in the future authorize the

26  //

27  //

28

7

1    exclusion of additional time periods from the period within which

2    trial must commence.

3         IT IS SO ORDERED.

4

5    _____5/28/20_____                    _____
     DATE                                 HONORABLE CHARLES F. EICK
6                                         UNITED STATES MAGISTRATE JUDGE

7    Presented by:

8         /s/ Ruth C. Pinkel
     _____
9    RUTH C. PINKEL
     Assistant United States Attorney

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    8